**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALITA ANGELL-MURRAY,<br>Plaintiff,<br>v.<br>CARRINGTON MORTGAGE SERVICES, LLC,<br>Defendant. | No. 2:26-cv-0617-DJC-ICD<br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

Plaintiff, who is proceeding pro se, brings this civil action. On July 16, 2026, mail directed to Plaintiff was returned by the United States Postal Service as undeliverable. Pursuant to Eastern District of California Local Rule 183(b), any party appearing pro se must file and serve a notice of change of address within 30 days of mail being returned. To date, more than 30 days have elapsed since mail was returned and Plaintiff has not notified the Court of a change of address.

The Court must weigh five factors before imposing the harsh sanction of dismissal. <u>See</u> <u>Bautista v. Los Angeles County</u>, 216 F.3d 837, 841 (9th Cir. 2000); <u>Malone v. U.S. Postal Service</u>, 833 F.2d 128, 130 (9th Cir. 1987). Those factors are: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. <u>See</u> <u>id.</u>; <u>see also</u> <u>Ghazali v. Moran</u>, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). A warning that the action may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor. <u>See</u> <u>Malone</u>, 833 F.2d at 132-33 & n.1. The sanction of dismissal for lack of prosecution is appropriate where

there has been unreasonable delay. See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986). Dismissal has also been held to be an appropriate sanction for failure to inform the district court and parties of a change of address pursuant to local rules. See Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (per curiam).

Having considered these factors, and in light of Plaintiff's failure to submit a notice of change of address, the Court finds that dismissal of this action is appropriate.

Based on the foregoing, the undersigned recommends as follows:

1. This action be dismissed, without prejudice, for lack of prosecution and failure to comply with court rules and orders.

2. Defendant's motion to dismiss, ECF No. 4, be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 11, 2026

ILA C. DEISS
UNITED STATES MAGISTRATE JUDGE